**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

BOBBY RICHARDSON

      Plaintiff

  vs                                          **COMPLAINT**

                                                (Jury Trial Demanded)

THE CITY OF NEW YORK, a Municipal
Entity, WILLIAM J. BRATTON, Commissioner            **16-CV- 5207**
of the NEW YORK CITY POLICE DEPARTMENT,
in his official capacity, POLICE OFFICERS
"JOHN DOES" and "SALLY ROES",
individually and in their official
capacities,

      Defendants

_____


     BOBBY RICHARDSON, by his attorney, Poupa Jenny Marashi, Esq., for his Complaint, alleges as follows:

### I.  PRELIMINARY STATEMENT

     1.  This is an action against the Defendant parties, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

     2.  This case arises out of the wrongful and unlawful arrest of the Plaintiff, BOBBY RICHARDSON, on January 21, 2015 and for his wrongful and unlawful detention and incarceration. Plaintiff was in custody from 4:15 a.m. until approximately 12:00 p.m. on January 21, 2015, when he was released from custody in Part DVM, Bronx Criminal Court. When brought in front of the judge, still in handcuffs, to vacate the warrant on Docket No.

2014BX036919, the judge stated there was no warrant for Plaintiff and no case against him and that it looked like the police "recycled the arrest number." Plaintiff was free to go and was given a letter from the court clerk stating that there were no charges filed against BOBBY RICHARDSON relating to Docket No. 2014BX036919. On February 18, 2015, BOBBY RICHARDSON was again forced to go to the Bronx Hall of Justice to have his name cleared because the Police Department refused to remove his name from the warrant log and served him with a notice that a warrant was issued for his arrest on February 9, 2015, for the same matter. When BOBBY RICHARDSON presented the notice he received to the clerk, he was told that there was no warrant for him, in the Court's computer.

3.   The Plaintiff brings this action to vindicate, not only his rights, but the rights of all law-abiding New York City residents, including but not limited to Hispanic and African-American males, to be free from unconstitutional detentions that are easily preventable.

## II. JURISDICTION

4.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth, and Fourteenth Amendments, to the United States Constitution, and the violation of the American with Disabilities Act (42 U.S.C. §12131 et seq.) (The "ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (the "Rehabilitation Act").

5.   Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party and Pendent Claim Jurisdiction.

6.   The pendent party and pendent State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

7.   To the extent that such is applicable, the Plaintiff has filed a timely Notice of Claim against the Defendant City of New York as a condition precedent to bringing an action, under State law and pendent State law and pendent party jurisdiction inter-related thereto, against the City of New York and against the Defendant Officers in their official capacities.

8.  To the extent that such are relevant if at all as to the claims against the Defendant City of New York and against the unnamed Defendant New York City Police Officers in their official capacities, the Plaintiff has otherwise met the conditions of Section 50 of the New York State Municipal Law.

9.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice.

### III. VENUE

10. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### IV. PARTIES

11.  The Plaintiff is an African-American citizen and resident of the City of New York, the County of the Bronx, and the State of New York.

12.  The Defendant City of New York is a municipal entity existing pursuant to and under the laws and Constitution of the State of New York; and which is authorized under the laws and Constitution of the State of New York to maintain a police department for the purpose of protecting the welfare of, among others, those who reside in the City of New York.

13.  Defendant William J. Bratton is the Police Commissioner for the City of New York, with supervisory authority over all officers and operations of the NYPD, including responsibility for training, recruiting and managing all NYPD officers.  He is sued in his official capacity.

14.  Defendants "John Does" and "Sally Roes" are New York City Police Officers who were involved in the arrest and detention and imprisonment of the Plaintiff.

15.  All of the Defendant Police Officers are sued in their individual and official capacities.

16.  Notwithstanding the wrongful and illegal nature of their acts and conduct as

hereinafter described, they were taken in and during the course of their duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of the same.

## V. ALLEGATIONS

17.  The Plaintiff is BOBBY RICHARDSON.

18.  The Plaintiff is fifty-one years of age.

19.  The Plaintiff's was born September 4, 1964.

20.  The Plaintiff is currently unemployed and disabled due to a motor vehicle accident in 1984 where his left leg had to be amputated below the knee.

21.  The Plaintiff is single.

22.  The Plaintiff has no children.

23.  The Plaintiff resides with his fiancé in the City of New York, the County of the Bronx, the State of New York.

24.  At about 4:15 a.m. on January 21, 2015, Plaintiff was in his home at 384 Grand Concourse, Apt. 1, Bronx, NY.

25.  Plaintiff's fiancé Delores McKnight was also present in the apartment.

26.  Plaintiff was awake watching television, in the living room, and Ms. McKnight was in their bedroom, sleeping.

27.  At 4:15 a.m. Plaintiff heard a knock on the front door of the apartment.

28.  Plaintiff got up, walked over to the door and looked through the peephole where he saw approximately five male plain clothed police officers.

29.  Plaintiff immediately knew they were police officers because one put his badge up to the peephole.

30. A male officer stated "Police" and told Plaintiff to open the door.

31. Plaintiff did not know why the police were at his door but he complied with their order.

32. At this point the officers were still standing outside the threshold of the door; Plaintiff

4

asked what this was all about and one of the officers in response asked Plaintiff his name; Plaintiff said "BOBBY RICHARDSON."

33. One of the officers stated that "[Plaintiff] was the one" and Plaintiff had a warrant for his arrest under the name William Wise; Plaintiff was surprised, and stated that he had no warrants and he had never heard of a William Wise nor did he ever go by the name William Wise.

34. The officers again stated "you are the one" and entered Plaintiff's home without his consent.

35. After the officers entered Plaintiff's home they stated the he went under a lot of different names, which Plaintiff denied.

36. Plaintiff told the officers it was a mistake and when he attempted to get his New York state Identification Card out to show the officers, they would not allow him.

37. One of the officers said that there was an arrest warrant out for him in the system, and that they had to arrest him according to such warrant. However, there was no warrant for Bobby Richardson in any Office of Court Administration system. There was only a warrant for another person, William Wise.

38. If at any time, during the course of Plaintiff's arrest, had either of the officers checked the Criminal Record Information and Management System (C.R.I.M.S.), as deemed, essential in the determination of a warrant or by doing the most basic investigation, such as looking at Plaintiff's identification and matching it with the picture on the warrant, he would have seen that there was no valid warrant for BOBBY RICHARDSON.

39. Plaintiff was searched.

40. Plaintiff was handcuffed behind his back.

41. Nothing illegal was found on the Plaintiff.

42. Plaintiff was very worried that he would be seen by one of the building's many residents as the police brought him out in handcuffs.

43. Plaintiff was not allowed to take any medications with him; he was placed in the police vehicle for approximately six hours in a position that put considerable strain on the knee

of his left leg because the prosthetic device was still attached. It was clear that he had a disability, Plaintiff reiterated he needed accommodation for his leg, and the discomfort/pain of sitting in the position.  Numerous times, while in the van, plaintiff complained that sitting in the position he was in, was causing swelling to his knee and leg and considerable pain and suffering, but he was ignored by the officers in the van.

44.  After being in the van for approximately six hours, Plaintiff was taken to the 40th precinct where he was again searched.

45.  Plaintiff, again, tried to explain to several officers at the 40th Precinct that the warrant search resulted in a mistaken hit, and to please check it again, or to do something.

46.  Neither the Arresting Officer nor any of the supervisors or other officers at the precinct bothered to check the C.R.I.M.S. system or any other investigation regarding Plaintiff's claims.

47.  After several hours at the precinct, Plaintiff was taken to Bronx Criminal Court, Part DVM.

48.  At approximately 11:30 a.m., Plaintiff, still handcuffed behind his back, was brought before a judge. One of the officers presented the court with the warrant for William Wise and after Plaintiff provided the court photo New York State Identification Card, the judge confirmed that there was, in fact, no such warrant for Plaintiff's arrest, and he was released and provided with a letter, from the clerk, stating that there were no charges filed against BOBBY RICHARDSON.

51.  Plaintiff was ultimately released at approximately 12:00 p.m.

52.  Plaintiff has since tried to clear the warrant with the police.  He tried to find a contact number on line in which to protest the warrant.

53.  The number available on-line on the NYPD and 311 website is not a working number.

54.  Plaintiff is constantly in fear of the police coming to his home and arresting him, knowing that he allegedly has a warrant but that he cannot get it out of the system through any procedure that he has been able to find. In fact, on February 18, 2015, Plaintiff received a letter

stating that a warrant had been issued for his arrest on February 9, 2015, for failure to appear on Docket No. 2014BX036919, in Part DVM, of Bronx Criminal Court. According to the paperwork this was the same matter for which was falsely arrested on January 21, 2015. On February 18, 2015, Plaintiff went to the Criminal Court Clerk's office, on the second floor of 265 East 161st St., Bronx, with the letter and was told that the letter was generated by the police and that there was no warrant for BOBBY RICHARDSON in the Office of Court Administration system.

55.  Plaintiff lives in fear that the police are going to come to his home and arrest him again on a warrant he has been told, and knows, should not be on file, but cannot do anything about it, and that NYPD Officers, repeatedly, do not take the second required step to investigate.

56.  Plaintiff had pleaded, in substance, to the Officers that the Officers were being deliberately indifferent to the truth of what he was saying and to his request for a minimal further inquiry which would totally exonerate him.

57.  The Defendants knew that the information, which they possessed at the time that they arrested the Plaintiff, was untrustworthy.

58.  There was no objectively reasonable probable cause basis for the afore-described custodial arrest of the Plaintiff.

59.  The arrest of the Plaintiff was made out of convenience and as a consequence of the reckless and deliberately indifferent warrant search system of Defendant New York City Police Department.

60.  The Plaintiff was unlawfully arrested since there was absolutely no basis for his custodial arrest given that there was an insufficiently trustworthy and invalid warrant on an insufficiently trustworthy Computer System, believed to be the Local Area Network (LAN) system which to arrest the Plaintiff.

61.  The Plaintiff was subjected to a false arrest and an unlawful custodial detention and imprisonment.

62.  But for the Defendants "John Does" and "Sally Roes" intentional and/or deliberate and reckless disregard of the facts and/or their failure to properly follow conduct required by the

NYPD Patrol Guide and undertake further minimal inquiries and investigation, which would have placed no one at risk and would not have otherwise interfered with the law enforcement mission and in fact would have advanced the law enforcement mission, the Plaintiff would not have been subjected to the unreasonable, probable cause lacking false arrest and imprisonment.

63. While the actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York. The Officers involved in the afore-described reckless and deliberately indifferent investigation, arrest and prosecution include, among others, Defendant Officers "John Does", "Sally Roes."

64. Defendants City of New York, and Commissioner Bratton, but for their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including the Fourth, and Fourteenth amendments.

65. The actions, conduct, policies, and practices and customs herein described violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

66. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York including subjecting Plaintiff to false arrest and imprisonment.

67. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

68. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma, and embarrassment, and humiliation, and physical pain and suffering.

69. The Plaintiff has no other adequate remedy at law to obtain redress for what he claims to have been the violation of his rights other than for the instant litigation.

## VI.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

70.  The above paragraphs are here incorporated by reference.

71.  Plaintiff BOBBY RICHARDSON was falsely arrested and falsely imprisoned and detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

72.  Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

73. The above paragraphs are here incorporated by reference.

74.  Plaintiff was unlawfully and falsely arrested and falsely imprisoned in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

75.  Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

76. The above paragraphs are here incorporated by reference.

77. The Defendants acted in a reckless and deliberate indifferent manner and fashion in order to achieve the collateral purpose of making an arrest on a warrant, but without the requisite objectively reasonable trustworthy evidence to justify the arrest of the Plaintiff.

78.  In other words, the Defendants engaged in a reckless and deliberately indifferent investigation of the warrant for their own convenience and in order to achieve their own end rather than to achieve the legitimate law enforcement mission of solving an alleged crime or to determine whether a crime even took place, or that there was a valid warrant for the arrest.

### D.  FOURTH CAUSE OF ACTION

79.  The above paragraphs are here incorporated by reference.

80.  Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81.  Plaintiff suffered injuries and damages.

## E. FIFTH CAUSE OF ACTION

82.  The above paragraphs are here incorporated by reference.

83.  Plaintiff was subjected to racially discriminatory treatment in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

84.  Plaintiff suffered injuries and damages.

## F.  SIXTH CAUSE OF ACTION

85.  The above paragraphs are here incorporated by reference.

86.  The Defendant City of New York and Commissioner Bratton have recklessly and with deliberate indifference failed to provide adequate training and standards and policies and practices for its police officers where, in the context of conducting a search for outstanding warrants, they only rely on a flawed computer system, and are not trained to conduct further inquiry into C.R.I.M.S.

87.  Such thus leads to recklessly and deliberate indifferent inquiries which consciously avoids checking the C.R.I.M.S. database, without compromising the law enforcement mission, and leading to the arrest of individuals who are innocent of any wrongdoing and the crime or crimes of which the individual is accused and arrested.

88.  The City was aware that all the aforementioned had resulted in violation of citizen's constitutional rights.  Despite such notice, and even the settling of a previous lawsuit under similar facts, by the comptroller's office, the City failed to take corrective action.  The failures and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

89.  The policies, practices and customs herein described propelled the actions and

conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

90.  The Plaintiff suffered injuries and damages.


### G.  SEVENTH CAUSE OF ACTION

91. The above paragraphs are here incorporated by reference.

92.  Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

93.  The Plaintiff suffered injuries and damages.


### H.  EIGHTH CAUSE OF ACTION

94.  The above paragraphs are here incorporated by reference.

95.  The Defendant City of New York, if the City represents its Officers, uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

96.  The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

97.  Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

98.  The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers on his federal claims for relief under the federal claim jurisdiction

pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

99.  The Plaintiff suffered injuries and damages.

## I.  NINTH CAUSE OF ACTION

100.  The above paragraphs are here incorporated by reference.

101.  The Defendant Officers "John Does", "Sally Roes" jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

102.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## J.  TENTH CAUSE OF ACTION

103.  The plaintiff incorporates by reference the allegations set forth in all previous paragraphs as if fully set forth herein.

104.  Defendants, The City of New York, and Police Commissioner William J. Bratton, negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

105.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## K.  ELEVENTH CAUSE OF ACTION

106.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

107.    Defendants Officers "John Does", "Sally Roes," acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

108.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

109.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## L.  TWELTH CAUSE OF ACTION

110.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

111.  Upon information and belief, there is a warrant in the police database (Local Area Network), under a wrong name, that causes Plaintiff to be arrested. It is a violation of Plaintiff's Constitutional Due Process Rights that he cannot take any action to remove such warrant, which consistently threatens him with loss of liberty.

112.  Plaintiff was not given any avenue in which to clear such a warrant.  There is no adequate administrative remedy where Plaintiff can challenge the New York Police Department to remove the invalid warrant from their system, causing him loss of liberty on two occasions, and continued and impending loss of liberty.

## M. THIRTEENTH CAUSE OF ACTION

113.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

114.    Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for

discrimination continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). The physically handicapped are being segregated and isolated in jails and prisons for the crime of being physically handicapped.

115.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (l) (2).

116     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A person who is not a harm to others and themselves, cannot be arrested discriminated against because society fears them for no good reason.

117.     At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

118.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

119.     Through the acts and omissions of Defendants and their agents and employees described herein, Defendants have subjected Plaintiffs to discrimination on the basis of disability in violation of Title II of the ADA by failing to provide him a method of transportation during the course of law enforcement interactions, and Plaintiff was not reasonably accommodated from the time the officers entered his home where he repeatedly told the officers that he had a physical disability from the initial encounter, arrest; transportation; booking; and/or while otherwise in defendants custody.

120.     Plaintiff is informed, believes, and thereon alleges that defendants and their agents and employees could have reasonably provided him with one or more of the following aids and services in order to effectively detain and transport him:

a.         Officers did not need to force Plaintiff, to sit in a position, throughout his detention, that

caused great strain on prosthetic device and left leg; Plaintiff was not threatening or

being a danger to anyone or to himself. They could have transported and detained

Plaintiff in a more reasonable vehicle,

121.     Plaintiff is informed, believes, and thereon alleges that defendants and their agents

and employees have failed and continue to fail to:


a.       Adopt and enforce additional procedures and services to transport individuals who suffer

from physical disabilities by creating a policy that would require Officers to call onto the scene a

vehicle that is handicapped accessible and properly accommodate physically handicapped

persons so as to limit harm to themselves, the public and other officers, are called in to

accommodate such individuals.

b.       Train and supervise NYPD officers and employees to communicate effectively with

individuals who are physically handicapped; and

c.       Train and supervise NYPD officers regarding the culture of persons who are physically

handicapped, and the behaviors of those who are physically handicapped.

122.     Because defendants' discriminatory conduct is ongoing, declaratory and injunctive

relief are appropriate remedies.

123.     Plaintiffs pray for judgment as set forth below.


<u>N. FOURTEENTH CAUSE OF ACTION</u>

124.     Plaintiffs incorporate by reference each and every allegation contained in the

foregoing paragraphs.

125.     Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o

otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability,

be excluded from the participation in, be denied the benefits, or be subjected to discrimination

under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

126.     Plaintiff was at all times relevant herein a qualified individual with disabilities

within the meaning of the Rehabilitation Act because he has mental and physical impairments

that substantially limits one or more of his major life activities. See 29 U.S.C. § 705(20)(B).

127.    At all times relevant to this action Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.

128.    Through their acts and omissions described herein, Defendants have violated the Rehabilitation Act by excluding Plaintiff from participation in, by denying him the benefits of, and subjecting him to discrimination in the benefits and services Defendants provide to the general public

129.    Pursuant to the remedies, procedure, Plaintiff prays for judgment as set forth below.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.  Defendant's unconstitutional conduct is ongoing and continues to harm plaintiff. There is no adequate remedy at law.  Relief would include removing his name from the Local Area Network System.  It would also include to revising and or updating NYPD's training or supervision Programs to educate NYPD Officers and they employees about their obligation to check the more reliable C.R.I.M.S. database that provides for the last status on a Criminal Court case.  Further, to put an administrative procedure in place so that if the Clerk of the Court does not have a warrant in the C.R.I.M.S system, that if there is no valid warrant, that clear procedures be in place to remedy the invalid warrant in the NYPD LAN system.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:     Bronx, New York

           June 30, 2016

                                            Respectfully submitted,


                                            /s/ Poupa Jenny Marashi_____
                                            POUPA JENNY MARASHI, Esq.
                                            930 Grand Concourse, # 1E
                                            Bronx, NY 10451
                                            (917) 703-1742
                                            marashi.legal@gmail.com
                                            Attorney for Plaintiff